**Kathryn TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39631.**

Court of Criminal Appeals of Texas.

May 18, 1966.

No attorney on appeal.

Henry Wade, Dist. Atty., James H. Miller, E. John Emmett and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, thirty years.

Joyce Weathersby, age fifteen and daughter of the deceased, testified that she and her mother lived alone; that the appellant telephoned four or five times between 6:45 and 7 p. m. asking for the deceased, but she had not returned from work; that appellant wanted deceased to take her husband to work before 8:30 p. m.; that when the deceased could not reach appellant because her telephone was busy they went to appellant's house, arriving about 8:30 p. m.; that they knocked on the door of appellant's upstairs garage apartment and entered when the appellant called from the kitchen for them to "Come in," and as the deceased walked to the kitchen door the appellant, not saying anything, came from the kitchen and struck the deceased in the chest, but she (Joyce) never saw any object in her hand; that after appellant struck deceased again the appellant said, "You like my husband, don't you?", and deceased putting her hands up for protection said, "What is wrong with you?"; that in a struggle which followed they moved toward the door, and the appellant pushed the deceased and Joyce down the stairs and then the appellant pursued the deceased until she fell; that an ambulance was called and the officers soon arrived.

Perry Lee Ray testified that he heard a girl screaming for her mother to come on, and on going to the door he saw a girl and a woman, and when the woman fell the third time he saw the appellant, whom he identified while testifying, come to the door and say, "I killed the so-and-so, she was going to try and jump on me about my own husband."

Officer Brown testified that when he arrived at the scene about 8 p. m., blood was coming from the left side of the upper part of the chest of the deceased; that he traced blood drops from the body to the stairway of the garage apartment, and on entering the apartment found no one there.

Officer Boles testified that in response to a radio dispatch he went to a certain residence, and when he knocked on the door, the appellant appeared and told him she wanted to give up, that she had killed

Georgia Stanfield (deceased) by stabbing her with a paring knife which she handed to him. While testifying, Officer Boles identified a knife exhibited to him as the knife the appellant gave him.

Dr. Rose testified that he performed an autopsy on the body of the deceased, and his examination revealed that she had suffered a stab wound in the left chest two and one-fourth inches deep, and expressed the opinion that the stab wound with a knife in the left side of the chest was the cause of her death.

Testifying in her own behalf, the appellant stated that the deceased had been in her home weekly for several months, and her husband had told her (appellant) that he loved the deceased; that when the deceased entered her apartment she said, "Where is your husband?", and she (appellant) replied, "You're not in love with my husband, are you?", and the deceased answered, "Yes, and I'm going to take him away from you if it's the last thing I do." At this time in the front room, the deceased hit the appellant across the head with her purse which staggered the appellant, and she ran into the kitchen with the deceased in pursuit, and she (appellant) got a knife in the kitchen and stabbed the deceased in the chest; that she could have, but does not remember stabbing the deceased again, and next remembers when all three were on the ground at the bottom of the stairway; and that she later telephoned the officers and gave them the knife when they arrived.

There are no formal bills of exception; and no objections to the court's charge and no requested charges were presented.

The informal bills have been considered and they reveal no error.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.